```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


JERRY C. WISE,                  :
                                :
     Petitioner.                :
                                :
vs.                             :     CIVIL ACTION 11-0728-KD-M
                                :
CHERYL PRICE,                   :
                                :
     Respondent.                :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and this action dismissed. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree murder in the Circuit Court of Dallas County on December 18, 2007 for which he received a sentence of life in the state penitentiary (Doc. 1).

1

Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence on October 24, 12, 2008 (Doc. 15, Exhibit E; *see* Doc. 15, Exhibit K, p. 1).

Wise filed a State Rule 32 petition on March 19, 2009 (Doc. 15, Exhibit G, pp. 7-16) which was denied by the Circuit Court of Dallas County on September 15, 2009 (Doc. 15, Exhibit G, pp. 43-44).  On appeal, the Alabama Court of Criminal Appeals denied the appeal, finding the claims to be procedurally defaulted (Doc. 15, Exhibit K).  Petitioner sought rehearing, but it was overruled (Doc. 15, Exhibit M).  Wise also sought *certiorari*, but the Alabama Supreme Court denied it and issued a certificate of judgment on June 18, 2010 (Doc. 15, Exhibit O).

Petitioner filed a complaint with the United States District Court of the Middle District of Alabama on September 30, 2010 (Doc. 1).  That Court transferred the action to this Court (Doc. 8).  Wise's petition raises the following claims: (1) He was denied the effective assistance of counsel; and (2) the State Circuit Court abused its discretion in dismissing his Rule 32 petition without reaching any findings of facts on his claims (Doc. 1).

In her Answer, Respondent claims that Petitioner has procedurally defaulted on each of the claims raised in this Court (Doc. 13).  A United States Supreme Court decision, *Harris*

2

*v. Reed*, 489 U.S. 255 (1989), has discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  The Court further notes the decisions of *Coleman v. Thompson*, 501 U.S. 722 (1991) and *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), which held that a determination by a state appellate court affirming, without written opinion, a lower court's reasoned determination that a claimant is barred procedurally from raising certain claims in that state's courts satisfied the rule of *Harris*.

   The evidence demonstrates that the Alabama Court of Criminal Appeals, in ruling on the appeal of the denial of his Rule 32 petition, found that Wise's claims of ineffective assistance of counsel were procedurally defaulted because they had not been properly presented in a timely fashion to the Circuit Court (Doc. 13, Exhibit K, p. 2).  That same Court went on to find that Petitioner's assertion that the Circuit Court had not properly denied his Rule 32 petition was barred because he had not made this claim in the Circuit Court itself (*id*. at

3

pp. 2-3). This satisfies the requirement of *Harris*: the claims raised in this action are procedurally defaulted.

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these claims in a timely manner in the State courts (Doc. 16).  Furthermore, Wise has not shown that this Court's failure to discuss the merit of these two claims will result in a fundamental miscarriage of justice being visited upon him.  The Court considers both of Petitioner's claims in this Court to be procedurally defaulted and will not address their merit.

Therefore, it is recommended that this habeas petition be denied and that this action be dismissed.  It is further recommended that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Jerry C. Wise.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Wise procedurally defaulted on the claims brought in this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Wise should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning

7

to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this 9th day of April, 2012.

                                        s/BERT. W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE